IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERT GLASSCOCK, individually, and as representative of a Class of Participants and Beneficiaries on Behalf of the Serco Inc. 401(k) Retirement Plan;<br><br>Plaintiff,<br><br>    v.<br><br>SERCO INC.;<br><br>Defendant. | Civil Action No. 1:20-cv-00092-RDA-JFA |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR CLASS CERTIFICATION</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

I.   INTRODUCTION ..................................................................................................... 1

II.  LEGAL STANDARD ................................................................................................ 2

III. BACKGROUND ........................................................................................................ 3
    A.    The total costs of the Serco 401(k) plan were unreasonable ............... 4
    B.    The Serco Retirement Plan Committee did not prudently
            Manage the Plan ........................................................................................ 5
    C.    The excess costs resulted in $2,572,900 Plan losses in 2014-17 ........... 6

IV. ARGUMENT .............................................................................................................. 6
    A.    Glasscock is a Class-member and the Class-members are
            ascertainable ............................................................................................... 6
    B.    Rule 23(a) is satisfied ................................................................................ 7
            i. Numerosity ............................................................................................ 7
            ii. Commonality ........................................................................................ 7
            iii. Typicality ............................................................................................. 8
            iv. Adequacy ............................................................................................. 9
    C.    Rule 23(b) is satisfied ............................................................................. 10
            i. *Rule 23(b)(1)* ...................................................................................... 10
            ii. Rule 23(b)(2) ..................................................................................... 12

V. CONCLUSION ......................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Adamson v. Bowen*, 855 F.2d 668 (10th Cir. 1988) ................................................................... 8

*Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013) ........................................... 2

*Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177 (4th Cir. 1993) ...................................... 7

*Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205 (10th Cir. 2014) ................ 7

*Cypress v. Newport News Gen. and Nonsectarian Hosp. Assoc.*,
375 F.2d 648 (4th Cir. 1967) ........................................................................................................ 6

*DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70 (2006) (E.D. Va. 2006) ............................... 11, 12

*EQT Prod. Co. v. Adair*, 764 F.3d 347 (4th Cir. 2014) ........................................................... 2, 7

*Goldman v. Kaplan*, 170 F.3d 503 (4th Cir. 1948) ...................................................................... 2

*Hay v. Gucci Am., Inc.*, 2018 U.S. Dist. LEXIS 171193 (D. N.J. Oct. 2, 2018) ......................... 9

*Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017) ............................................................................ 9

*Knight v Lavine*, 2013 U.S. Dist. LEXIS 14855 (E.D. Va. Feb. 4, 2013) ........................... 11-12

*Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559 (D. Minn. 2014) ...................................... 8, 11

*LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248 (2008) ..................................................... 11

*Longo v. Trojan Horse Ltd.*, 2016 U.S. Dist. LEXIS 127910 (E.D.N.C. Sept. 20, 2016) ........... 2

*McDonald v. Edward D. Jones & Co., L.P.*,
2017 U.S. Dist. LEXIS 10820 (E.D. Mo. Jan. 26, 2017) ........................................................... 10

*New Orleans Emp'rs Int'l Longshoremen's Ass'n, AFL-CIO Pension Fund, v. Mercer Inv.
Consultants*, 635 F. Supp.2d 1351 (N.D. Ga. 2009) .................................................................... 1

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ....................................................................... 11

*Schering Plough Corp. ERISA Litig.*, 589 F.3d 585 (3d Cir. 2009) ........................................ 3, 7

*Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307 (E.D. Va. 2007) ..................................................... 9

*Sims v. BB&T Corp., No. 1:15-CV-732-CCE-JEP*,
2017 U.S. Dist. LEXIS 137738 (M.D.N.C. Aug. 28, 2017) ....................................................... 10

*Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346 (4th Cir. 2014) .............................................. 2

*Tatum v. RJR Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008). ............................... 8

*Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311 (4th Cir. 2006) .......................................... 2

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ........................................................... 7, 12

*Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164 (4th Cir. 2010) ................................................. 9

*Wildman v. American Century Servs., LLC*, 362 F. Supp. 3d 685 (W.D. Mo. 2019) ................. 1

**Statutes**

29 U.S.C. § 1001 ............................................................................................................................ 1

29 U.S.C. § 1104 .................................................................................................................... 1, 2, 8

29 U.S.C. § 1132 ......................................................................................................... 3, 7-8, 9, 11

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

**Other**

29 C.F.R. § 2550.404a-1 ............................................................................................................... 1

I.  INTRODUCTION

As a general rule, ERISA breach of fiduciary duty cases are well-suited for class treatment. ERISA, a federal statute, has the same goal – the protection of the interests of participants and beneficiaries in private pension plans[1] – regardless of jurisdiction. The duty of prudence is embedded in the statute[2] and establishes an obligation to act with "care, skill, prudence, and diligence" to *all* plan participants. "Courts evaluate alleged breaches of the duty of prudence using an objective standard and focusing on whether the fiduciary employed appropriate methods to reach an investment decision under the prevailing circumstances."[3] The Department of Labor, which regulates all ERISA plans, has promulgated a rule that clarifies a fiduciary's investment duties under ERISA's standard of care, requiring that a fiduciary "give [] appropriate consideration to those facts and circumstances that, given the scope of such fiduciary's investment duties, the fiduciary knows or should know are relevant to the particular investment or investment course of action involved."[4] Ultimately, the liability issue is "whether [the defendants] considered [the] options and came to a reasoned decision."[5]

Applied against this standard, plaintiff Robert Glasscock's motion should be granted. As discussed below, Glasscock's motion satisfies all that Fed. R. Civ. P. 23 requires. The Court should grant the motion and permit Plaintiff to pursue this case on behalf of a class.

---

[1] 29 U.S.C. § 1001(b).
[2] 29 U.S.C. § 1104(a).
[3] *New Orleans Emp'rs Int'l Longshoremen's Ass'n, AFL-CIO Pension Fund, v. Mercer Inv. Consultants*, 635 F. Supp.2d 1351, 1372 (N.D. Ga. 2009)(citing *Meinhardt v. Unisys Corp.*, 74 F.3d 420, 434 (3d Cir. 1996).
[4] 29 C.F.R. § 2550.404a-1.
[5] *Wildman v. American Century Servs., LLC*, 362 F. Supp. 3d 685, 704 (W.D. Mo. 2019).

## II. LEGAL STANDARD

ERISA plan fiduciaries' duties are "the highest known to the law."[6] The Fourth Circuit describes the duty owed in this manner:

> Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate.[7]

Glasscock brings his claim on behalf of, and as a representative of participants and beneficiaries of, his 401(k) plan. He does so to obtain remedies due the Serco 401(k) Retirement Plan (the "Plan"). Because of the "derivative nature" of Plaintiff's claim, this case is a "paradigmatic example[] of claims appropriate for certification as a Rule 23(b)(1) class…."[8]

To certify a class, Glasscock must first establish he is both a member of the putative class and that the putative class-members are ascertainable.[9] Glasscock must also satisfy the four Rule 23(a) requirements, as well as at least one of Rule 23(b)'s subsections.[10] While courts must conduct a rigorous analysis of these requirements, "free-ranging merits inquiries at the certification stage" are improper.[11] Merits questions may only be considered to the extent they are material to the Rule 23

---

[6] *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 355–56 (4th Cir. 2014) (citation omitted); 29 U.S.C. §1104(a)(1).
[7] *Goldman v. Kaplan*, 170 F.3d 503, 506 (4th Cir. 1948)(internal quote marks and citation omitted).
[8] *Longo v. Trojan Horse Ltd.*, 2016 U.S. Dist. LEXIS 127910, *23 (E.D.N.C. Sept. 20, 2016) (citing *Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009)).
[9] *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014)).
[10] Fed. R. Civ. P. 23.
[11] *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465-66 (2013).

2

prerequisites.[12] Whether Glasscock eventually prevails on the merits is not relevant at this procedural stage.[13]

Courts consistently certify similar ERISA fiduciary breach claims under Rule 23(b)(1), recognizing they are "paradigmatic" class actions. *In re Schering ERISA Litig.*[14] acknowledged that plaintiff's "proofs regarding defendants' conduct will, as a practical matter, significantly affect the claims of other Plan participants and of employees who invested in" the Plan.[15] In ERISA § 1132(a)(2) cases, Rule 23(b)(1)(B) is "clearly satisfied" because the alleged "breaches of fiduciary duty on the part of defendants [] will, if true, be the same with respect to every class member…"[16] This case is no exception.

### III.  BACKGROUND

Plaintiff Robert Glasscock, a full-time resident within this judicial district, is a former employee of Defendant Serco, Inc ("Serco"). During the class period, he participated in the Plan.[17] Serco is based in Herndon, Virginia. It sponsors the Plan in which Glasscock participated.[18] Serco also maintains a Retirement Plan Committee to

---

[12] *Id.* at 466.
[13] *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006).
[14] 589 F.3d 585 (3d Cir. 2009).
[15] *Id.* at 604.
[16] *See id.* at 604-05.
[17] Exhibit 1 to Declaration of Arthur Stock: Exhibit 1 is the Declaration of Robert Glasscock, at ¶¶ 1-3; see also Ex. 2, Robert Glasscock account statement.  All "Ex." References refer to the Declaration of Arthur Stock.
[18] Ex. 3, Serco000559, at Serco000578 and 583 (Serco, Inc. 401(k) Retirement Plan).

make decisions about the Plan. As of December 31, 2018, the Plan had 9,757 participants and assets of $335,415,773.[19]

Serco hired Sageview Advisory Group, LLC as the Plan's investment advisor. It was Sageview's assignment to review Plan and recordkeeper costs.[20] Sageview assisted Serco in putting the Plan's recordkeeping services out to bid in 2012. Serco chose Voya Institutional Plan Services (formerly known as ING Institutional Plan Services, LLC.)[21] Serco retained ultimate discretionary authority over all investment decisions.[22]

This case focuses on Serco's mismanagement of the 401(k) Plan. Both liability and damages can be proven by common evidence.

### A. The total costs of the Serco 401(k) plan were unreasonable

Though the total Plan costs decreased somewhat over 2014-2017, they were unreasonable because they were consistently over the 90th percentile for comparably-sized 401(k) plans in that period. Brightscope and ICI publish an annual report that analyzes total plan expenses by plan size. For 401(k) plans with total assets of between $250 and $500 million (like Serco), Brightscope's reports establish that the Plan was consistently at or above the 90th percentile compared to the rest of roughly 1,000 plans of that size (in "bps" or basis points, calculated as 1% of 1%):[23]

---

[19] Ex. 4, at p. 2, and at p. 4 of Auditor's Report. (Form 5500 filed by Serco, Inc. 401(k) Plan with the Department of Labor by Serco for the year 2018).
[20] Ex. 5, Serco000335.
[21] Ex.6, Serco062132.
[22] Ex. 6, at Serco062135.
[23] Ex.7, Expert Report of Jeffery Schaff, at ¶ 36 and Exhibits D and E attached thereto.

|  | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 |
|---|---|---|---|---|---|---|
| 90th percentile | 67 | 66 | 65 | 64 | N/A | N/A |
| Median | 49 | 48 | 46 | 45 | N/A | N/A |
| 10th percentile | 22 | 21 | 20 | 18 | N/A | N/A |
| Serco 401k | 65 | 72 | 65 | 64 | 63 | N/A |

The Plan's excess fees were caused by a combination of poor choices: 1) Primarily offering higher-expense investment choices; 2) Paying above average record-keeping costs (plus *a la carte* fees), subject to a 5-year contract; 3) Including additional investment advisory services of Voya; and 4) Including auditing fees in 2014-15.[24]

*This breach can be proven by common evidence. There are no individual issues here that conceivably fracture the class.*

### B.  The Serco Retirement Plan Committee did not prudently manage the Plan

The Serco Retirement Plan Committee made the investment choices available to its 401(k) plan participants. Sageview periodically provided the Committee with reports quantifying expense ratios and revenue share and Plan asset allocation. Based on this information, Serco should have proactively included a greater array of lower-cost investment choices. This could have been accomplished by replacing actively managed funds with index alternatives and replacing expensive managers with less expensive managers. Additionally, Serco knew that its recordkeeper, Voya, was charging above-

---

[24] Ex. 7, ¶ 38.

average fees.[25] But rather than put the recordkeeping services out to bid – thus forcing Voya to compete – Serco extended Voya's contract by five years.[26]

*This breach can be proven by common evidence. There are no individual issues here that conceivably fracture the class.*

### C. The excess costs resulted in $2,572,900 Plan losses in 2014-17

Using the median costs, damages in a three-year period, 2014-17, was $2,572,900. This is calculated as the difference between the actual net Plan expenses and the amount the Plan would have paid at the median of similarly sized 401(k) plans. Taking into account the lost accumulation of wealth caused by the overcharges increases damages to approximately $3.55 million by December 31, 2020.[27]

*Damages can be proven by common evidence. There are no individual issues here that conceivably fracture the class.*

### IV. ARGUMENT

### A. Glasscock is a Class-member and the Class-members are ascertainable

Plaintiff seeks certification of the following class (the "Class"):

All participants and beneficiaries of the Serco Plan from January 1, 2014 through the date the class is certified, except for Defendant and members of Defendant's 401(k) Committee.

---

[25] Ex. 5, at Serco00338 (comparison of costs of Serco Plan to benchmark of costs of similar plans).

[26] Ex. 7, ¶ 46; Ex. 8, Serco016342.
[27] Ex. 7, ¶¶ 51-52 and Exhibit G.

Glasscock falls within that definition.[28] Because absent Class-members can be readily identified by Serco's (or its recordkeeper's) account records, and because Class membership is defined with objective criteria,[29] the class is ascertainable.

## B.   Rule 23(a) is satisfied

### i.   *Numerosity*

A proposed class must be so numerous that joinder of its members is impracticable.[30]  A class with 100s of members satisfies this element.[31] Glasscock's Class has more than 9,757 members.[32] Joinder of all those individuals is impracticable, satisfying Rule 23's numerosity requirement.

### ii.   *Commonality*

Rule 23(a)(2) satisfaction demands only a single question of law or fact common to the class.[33] The question must be capable of classwide resolution; that is, "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[34]

ERISA claims under brought pursuant to § 1132(a)(2) are derivative actions – they are brought on behalf of the Plan as a whole – and as such "commonality is quite likely to be satisfied[.]"[35] "In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects

---

[28] Ex. 1, ¶ 3, and Ex. 2.
[29] *See EQT Prods.*, 764 F.3d at 358.
[30] Fed. R. Civ. P. 23(a)(1).
[31] *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 183 (4th Cir. 1993) (noting district court found that "480 potential class members would easily satisfy the numerosity requirement"); *Cypress v. Newport News Gen. and Nonsectarian Hosp. Assoc.*, 375 F.2d 648, 653 (4th Cir. 1967).
[32] Ex. 3 at 2 (9,757 participants in the Plan as of December 31, 2018).  The Class also includes individuals who participated in the Plan either before or after that date.
[33] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).
[34] *Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014).
[35] *Schering*, 589 F.3d at 599 n.11.

all participants and beneficiaries."[36] And here, common questions uniting the Class include:

- Did Serco breach its fiduciary duties towards the Plan?
- Did the Plan suffer losses?
- How should those losses be calculated on behalf of the Plan?
- Should, and what, equitable relief be awarded?

Serco's actions in question are Plan-level actions; those actions affected the Plan and do not depend on any individual participant's circumstances.[37] Because Serco owed its fiduciary duties to the Plan[38] and acted with regards to the Plan as a whole, Rule 23(a)(2)'s commonality requirement is met.

### iii. Typicality

Typicality does not require class-members claims be identical. "Provided the claims of Named Plaintiffs and class members are based on the same legal or remedial theory, differing fact situations of the class members do not defeat typicality."[39] Put another way, typicality is satisfied when "claims asserted by the named plaintiffs 'arise out of the same course of conduct and are based on the same legal theories as the claims of the unnamed class members.'"[40]

Here, Glasscock's claims arise from the same court of conduct as all other class-members' claims: Serco's actions in managing the Plan. Serco's conduct was directed towards, and affected, the Plan as a whole. Serco's decisions regarding Plan investment options, Plan expenses, and Plan administration affected every class member. All class

---

[36] *Tatum v. RJR Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008).
[37] *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 572 (D. Minn. 2014)("whether Defendants breached their fiduciary duties by causing the Plan to select imprudent investment options or pay excessive record-keeping fees, and whether the Plan suffered losses from those breaches, are common to all Plan participants' claims ....").
[38] *See* § 1104(a)(1)).
[39] *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).
[40] *Tatum*, 254 F.R.D. at 65.

members were thus "subjected to the same harmful practices" as Glasscock. As claims brought under 29 U.S.C. § 1132(a)(2) are inherently representative, Glasscock's claim here is necessarily typical: it is the Plan's claim for relief based on Serco's breach of fiduciary duty.

### *iv.* *Adequacy*

Rule 23(a)(4) asks two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) are named plaintiffs and their counsel competent to represent the class.[41] "For a conflict of interest to defeat the adequacy requirement, 'that conflict must be fundamental.' A conflict is not fundamental when, as here, all class members 'share common objectives and the same factual and legal positions and have the same interest in establishing the liability of defendants.'"[42]

Glasscock satisfies all criteria to be an adequate class representative. He was a participant in the Plan, and suffered damages in the form of excessive fees for management of investment funds and for recordkeeping. The fact that he invested in only one of the overpriced funds in no way affects his standing or ability to represent investors in other funds[43] He has demonstrated that he understands the nature of this

---

[41] *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 315 (E.D. Va. 2007)("Distilled to its essence the adequacy inquiry focuses on two questions: (i) has plaintiff demonstrated the requisite level of knowledge and control of the litigation to ensure that he will vigorously prosecute the claims asserted here and (ii) has plaintiff demonstrated the requisite credibility to ensure that he will act as a fiduciary with respect to the class he seeks to represent.").
[42] *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (quoting *Gunnells*, 348 F.3d at 434, 431)(internal citations and quote marks omitted).
[43] *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 156-58 (S.D.N.Y. 2017) ("Here, plaintiffs have sued in a representative capacity and allege that the Plan suffered millions of dollars a year in losses as a result of defendants' disloyal and imprudent decisions to offer [the offending funds …] The fact that only some of these alleged losses manifested themselves in the named plaintiffs' individual accounts does not deprive plaintiffs of their standing to seek redress on behalf of the Plan for the broader injuries the Plan incurred."); *Hay v. Gucci Am., Inc.*, 2018 U.S. Dist. LEXIS 171193, *9 (D. N.J. Oct.

case and the importance of his role as Plaintiff. He has produced documents and sat for a four-hour deposition.**44** He has demonstrated his commitment to the case and Class members. By any formulation, he is "adequate" within the meaning of Fed. R. Civ. P. 23(a)(4).

As for Glasscock's attorneys, he has chosen law firms that are experienced in commercial and class litigation and have achieved significant success in a variety of contexts. Each of the six law firms have attached declarations or "brochures" that confirm this.45 Adequacy is met.

**C.     Rule 23(b) is satisfied**

*i.     Rule 23(b)(1)*

Courts in the Fourth Circuit have held that "if all requirements of Rule 23(a) are met, the case should move forward as a Rule 23(b)(1) class action."**46** Rule 23(b)(1) states that certification is appropriate if prosecuting separate actions by individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

---

2, 2018) ( "a plaintiff can establish constitutional standing to bring representative claims by pointing to injuries to Plan assets."); *McDonald v. Edward D. Jones & Co., L.P.*, 2017 U.S. Dist. LEXIS 10820, *5 (E.D. Mo. Jan. 26, 2017) ("In a suit brought pursuant to 29 U.S.C. § 1132(a)(2), a plan participant may seek recovery for the plan even where the participant did not personally invest in every one of the funds that caused an injury to the plan.").
**44** Ex. 1, ¶¶ 4-7.
**45** Ex. 9-14.
**46** *Sims v. BB&T Corp.*, No. 1:15-CV-732-CCE-JEP, 2017 U.S. Dist. LEXIS 137738, at *10-11 (M.D.N.C. Aug. 28, 2017).

Claims such as Plaintiff's are regularly certified under Rule 23(b)(1).[47]

Both 23(b)(a)(1)(A) and (B) are satisfied here. For subparagraph (A), if two plan participants sued Serco for breaching their fiduciary duty, and the first case was successful while the second was unsuccessful, Serco would be left with inconsistent standards on which it must administer the Plan. What would Serco's "standard of conduct" be with regards to Plan fund options, administrative expenses incurred, overall plan costs, and the process by which those factors are determined? Varying adjudications would certainly establish incompatible standards of conduct here.

Subparagraph (B) is plainly satisfied because class treatment of Plaintiff's action will "as a practical matter" dispose of the interests of the other Plan participants. Section 1132(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries[.]"[48] "The representative nature of a § [1132](a)(2) suit makes it almost tautological that the named plaintiff's claim is typical of the rest of the class."[49] After all, claims for a "breach of trust by [a]… fiduciary similarly affecting the members of a large class of security holders or beneficiaries, and which requires an accounting or like measures to restore the subject of the trust" satisfy Rule 23(b)(1)(B).[50]

---

[47] *See, e.g., Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 U.S. Dist. LEXIS 144369, *27-28 (C.D. Cal. June 15, 2017)(Certifying under 23(b)(1), observing that "Plaintiffs' theory of liability is common to the proposed class and pertains to the manner in which Defendants mismanaged the Plan and breached their fiduciary duties with respect to the Plan as a whole. Given that Defendants' alleged mismanagement of the Plan is the same as to all Plan participants, resolution of one action against one Plan participant would necessarily affect the resolution of any concurrent or future actions by other Plan participants."); *Krueger*, 304 F.R.D. at 559 (same); *In re Northrop Grumman Corp ERISA Litig.,* , 2011 U.S. Dist. LEXIS 94451, *23-24 (C.D. Cal. Mar. 29, 2011) ("A majority of courts addressing the propriety of certifying an ERISA class under § 502(a)(2) . . . have continued to find Rule 23(b)(1)(B) certification appropriate.").

[48] *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 256 (2008).
[49] *Knight v. Lavine*, 2013 U.S. Dist. LEXIS 14855, *8-9 (E.D. Va. Feb. 4, 2013) (citing *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70 (2006) (E.D. Va. 2006)).
[50] Fed. R. Civ. P. 23, Adv. Comm. Note, 1966; *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999).

Given the derivative nature of Glasscock's claim, brought on behalf of the Plan, "ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class,"[51] and the Court should certify Plaintiff's proposed class under Rule 23(b)(1)(A) and (B).

### ii.   Rule 23(b)(2)

In *Walmart v. Dukes*, the Supreme Court noted that the "key" to Rule 23(b)(2) certification is the "indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."[52] "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction."[53]

Certification is also appropriate here under Rule 23(b)(2), because Glasscock seeks injunctive and declaratory relief that applies generally to all Plan participants. A declaratory judgment that Serco's conduct was, or was not, a breach of its fiduciary duties resolves the claim of all plan participants.[54] As courts in this district have held, "[c]certification is also proper under Rule 23(b)(2) because Plaintiffs seek a declaration that the Defendants breached their fiduciary duty. To be sure, they also seek monetary damages, but how the damages should be distributed is secondary to the question of whether a breach occurred."[55]

### V.   CONCLUSION

This action meets the requirements of Rule 23. The Court should grant Plaintiff's Motion for Class Certification.

---

[51] *DiFelice*, 235 F.R.D. at 80.
[52] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).
[53] *Id.* (emphasis in original omitted).
[54] *Dukes*, 564 U.S. at 360.
[55] *Knight v Lavine,* 2013 U.S. Dist. LEXIS 14855, *12 (E.D. Va. Feb. 4, 2013).

DATED: October 16, 2020	Respectfully Submitted,

*s/David Hilton Wise*
David Hilton Wise, VA Bar No. 30828
John J. Drudi, VA Bar No. 86790
**WISE LAW FIRM, PLC**
10476 Armstrong Street
Fairfax, Virginia 22030
T: (703) 934-6377/F: (703) 934-6379
dwise@wiselaw.pro
jdrudi@wiselaw.pro

Gregory F. Coleman (admitted *pro hac*)
Arthur Stock (admitted *pro hac*)
Ryan P. McMillan (admitted *pro hac*)
**GREG COLEMAN LAW PC**
800 South Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080/F: (865) 522-0049
greg@gregcolemanlaw.com
arthur@gregcolemanlaw.com
ryan@gregcolemanlaw.com

Scott C. Harris (admitted *pro hac*)
Patrick M. Wallace
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
T: (919) 600-5000/F: (919) 600-5035
Scott@whitfieldbryson.com
Pat@whitfieldbryson.com

Charles Crueger (admitted *pro hac*)
Benjamin Kaplan (admitted *pro hac*)
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Whitefish Bay, WI 53211
T: (414) 210-3868
cjc@cruegerdickinson.com
bak@cruegerdickinson.com

>Jordan Lewis (admitted *pro hac*)
>**JORDAN LEWIS, P.A.**
>4473 N.E. 11th Avenue
>Fort Lauderdale, FL 33334
>T: (954) 616-8995/F : (954) 206-0374
>jordan@jml-lawfirm.com
>
>Edward A. Wallace (*pro hac* pending)
>Mark J. Tamblyn (*pro ha*c pending)
>**WEXLER WALLACE LLP**
>55 West Monroe, Suite 3300
>Chicago, Illinois 60603
>T: (312) 346-2222/F: (312) 346-0022
>eaw@wexlerwallace.com
>mjt@wexlerwallace.com
>
>*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2020, I electronically filed the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** with the Clerk of Court using the CM/ECF system which will send a notification of such filing to all counsel of record.

*s/David Hilton Wise*
David Hilton Wise, VA Bar No. 30828
**WISE LAW FIRM, PLC**
10476 Armstrong Street
Fairfax, Virginia 22030
T: (703) 934-6377/F: (703) 934-6379
dwise@wiselaw.pro