# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Robert Glasscock ("Plaintiff" or "Class Representative"), all Class Members, and Serco Inc. ("Serco" or "Defendant"), collectively the "Settling Parties."

**1.     Article 1 – Recitals**

1.1     On January 28, 2020, Plaintiff filed a Complaint (Case No. 1:20-cv-00092) on behalf of himself and all the participants in the Serco Inc. 401(k) Plan ("the Plan"). The operative complaint is the Amended Complaint filed on May 18, 2020 (the "Class Action Complaint") against Defendant. The Class Action Complaint asserts various claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") based on Defendant's management, operation and administration of the Plan.

1.2     For nearly one year this case was extensively litigated with discovery and motion practice, including a motion to dismiss and a motion for class certification.

1.3     On November 10, 2020, the Settling Parties held a full-day private mediation with Bob Meyer of JAMS. The Settling Parties reached agreement on the monetary terms of a potential settlement during the mediation and signed a Memorandum of Understanding regarding the principal settlement terms dated November 12, 2020. Thereafter, the Settling Parties continued negotiations regarding the terms of the Settlement Agreement. The entirety of the agreement reached by the Settling Parties is memorialized in the Settlement Agreement.

1.4     The Class Representative and Class Counsel consider it desirable and in the Plan's and Class Members' best interests that the claims against Defendant be settled upon the terms set forth below. The Class Representative and Class Counsel have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in benefits to the Plan and the Settlement Class.

1.5     Defendant denies all allegations of wrongdoing and denies all liability for the allegations and claims made in the Class Action. Defendant maintains that it is without fault or liability. Defendant contends that the Plan has been managed, operated and administered at all relevant times in compliance with ERISA and applicable regulations, including the fiduciary and prohibited transaction provisions of ERISA. The Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be

deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by Defendant.

1.6     The Settling Parties have concluded that it is desirable that the Class Action be finally settled upon the terms and conditions set forth in the Settlement Agreement.

1.7     Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows.

## 2.     Article 2 – Definitions

As used in the Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.18), unless otherwise defined, the following terms have the meanings specified below:

2.1     "Administrative Expenses" means expenses incurred in the administration of the Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Settlement Class, including but not limited to the reasonable fees of the Plan's recordkeeper to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation borne by the Settlement Administrator; (d) all fees and expenses associated with the services provided by the Independent Fiduciary, Settlement Administrator, and Escrow Agent  in connection with the Settlement; and (e) all expenses associated with providing CAFA notice. Excluded from Administrative Expenses are internal expenses by the Settling Parties, and the Settling Parties' respective legal expenses.  Administrative Expenses shall be paid from the Gross Settlement Amount.

2.2      "Alternate Payee" means a person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order.

2.3     "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel in connection with the Class Action. The amount of attorneys' fees for Class Counsel shall not exceed an amount of 33% (or $396,000 (three hundred ninety-six thousand dollars)) of the Gross Settlement Amount, which shall be paid from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all costs and expenses advanced and carried by Class Counsel in this litigation, not to exceed $80,000

2

(eighty thousand dollars),  which also shall be paid from the Gross Settlement Amount.

2.4     "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan due to the death of a Plan participant. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, or child of a Plan participant who currently is entitled to a benefit.

2.5     "Class Action" means the action styled *Glasscock v. Serco Inc.*, Case No. 1:20-cv-00092, and venued in the United States District Court for the Eastern District of Virginia.

2.6     "Class Action Complaint" means the Amended Complaint filed in the Class Action on May 18, 2020.

2.7     "Class Counsel" means Jordan Lewis, P.A., Crueger Dickinson LLC, Whitfield Bryson LLP, Greg Coleman Law PC, Wexler Wallace LLP, and Wise Law Firm, PLC.

2.8     "Class Members" means all individuals in the Settlement Class.

2.9     "Class Period" means the period from January 1, 2014 through the date of the Preliminary Order.

2.10    "Class Representative" means Robert Glasscock.

2.11    "Class Representative's Compensation" means an amount to be determined by the Court, but not to exceed $5,000 (five thousand dollars) for Class Representative, which shall be paid from the Gross Settlement Amount directly to the Class Representative.

2.12    "Confidentiality Order" means the Protective Order (ECF No. 46) entered on July 30, 2020.

2.13    "Court" means the United States District Court for the Eastern District of Virgina.

2.14    "Defendant" means Serco Inc.

2.15    "Defense Counsel" means counsel for Defendant, including Seyfarth Shaw LLP.

2.16    "Escrow Agent" means Angeion Group, LLC.

2.17    "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement, (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representative's Compensation,

and (c) whether to finally approve the Settlement Agreement under Fed. R. Civ. P. 23.

2.18    "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of the Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 4 hereto.

2.19    "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any Settling Party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Order becomes Final is fourteen (14) calendar days after the time for appeal expires. If any person appeals, the Final Order shall become Final fourteen (14) calendar days after the appeal is resolved and the time for all further appeal expires.

2.20    "Gross Settlement Amount" means the sum of one million two-hundred thousand dollars ($1,200,000), paid to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiff, and Class Counsel made on behalf of Defendant in connection with the Settlement effectuated through the Settlement Agreement.  Once the Final Order is Final, no portion of the Gross Settlement Amount shall be returned to Defendant.

2.21    "Independent Fiduciary" means Fiduciary Counselors Inc.

2.22    "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) Class Representative Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

2.23    "Plan" means the Serco Inc. Non-Union 401(k) Plan.

**2.24**   "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

**2.25**   "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 1.

**2.26**   "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.27**   "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any member of the Settlement Class or the Plan at any point prior to the Court's final approval of the Settlement. Released Claims also include: claims that were asserted in the Lawsuit;  claims that might have been asserted in the lawsuit under any legal or equitable basis related in any way to the Plan; claims that relate in any way to the fees, expenses, and investments of the Plan; claims that, that assert a claim for breach of fiduciary duty against any Plan fiduciary; claims, that relate to the compensation or services of any Plan service provider; claims that relate to or arise out of the defense or settlement of the Lawsuit, including any claim that the Settlement Agreement or any aspect of its implementation violates any applicable law or right of any Class Member; or claims that would have been barred by the doctrine of res judicata or claim preclusion had the Lawsuit been fully litigated to a final judgment.

**2.28**   Released Claims specifically exclude (1) claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in 2.27 above; (2) wages, labor or employment claims unrelated to the Plan, including by way of example only, claims, arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment

laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart (2); and (3) claims arising exclusively from conduct outside the Class Period.

2.29    "Released Settling Parties" means (i) Defendant, its parent, subsidiaries and affiliates, (ii) the Plan, (iii) every person who was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Defendant and any of its parents, subsidiaries, and affiliates, (iv) any trustee or fiduciary (including de facto fiduciaries) for the Plan, together with any present or former representatives, insurers, reinsurers, consultants, administrators, representatives, attorneys, employee benefit plans, investment advisors, investment underwriters, and spouses, (v) the Plan's recordkeeper and trustee as well as any other service providers, consultants or advisors to the Plan or to any Plan fiduciary, and (vi) with respect to (i) through (v) above their past, present and future members of their respective boards of directors, managers, partners, agents, members, shareholders (in their capacity as such), officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, and all other service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

2.30    "Settlement" refers to the agreement embodied in this agreement and its exhibits.

2.31    "Settlement Administrator" means Angeion Group, an independent contractor, retained by Class Counsel.

2.32    "Settlement Agreement Execution Date" means that date on which the final signature is affixed to the Settlement Agreement.

2.33    "Settlement Class" means all persons who have been Participants, Beneficiaries and Alternate Payees of the Plan from January 1, 2014 through the date of the Preliminary Order, except for past and present members of Defendant's 401(k) Committee from January 1, 2014 through the date of the Preliminary Order ("Class Period").

2.34    "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

2.35    "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be provided to Class Members identified by the Settlement

Administrator following the Court's issuance of the Preliminary Order. The full Settlement Notice will be available on the Settlement Website, in substantially the form attached hereto as Exhibit 2. The full Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representative's Compensation. In addition, Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order will receive a "Postcard Settlement Notice", in substantially the form attached hereto as Exhibit 3. The Postcard Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representative's Compensation. The Postcard Settlement Notice shall direct Class Members to the Settlement Website for additional information.

**2.36** "Settlement Website" means the  internet website established in accordance with Paragraph 12.2. The settlement website will be called: www.GlasscockLitigation.com

**2.37** "Settling Parties" or "Settling Party" means Defendant and/or the Class Representative, on behalf of himself, the Plan, and each of the Class Members.

**3.** **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

    **3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of Defendant's reliance on PTE 2003-39.

    **3.1.2** The Independent Fiduciary shall notify Serco directly of its determination in writing, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.  Within five

(5) business days of receipt of the Independent Fiduciary's written determination, Serco will provide a copy of the written determination to Class Counsel.

**3.1.3**   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.1.4**   Serco, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.1.5**   Within fifteen (15) calendar days of receipt of the written determination by the Independent Fiduciary, Serco shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by PTE 2003-39, and (c) notify Class Counsel in writing of its conclusion in that regard.

**3.2**   Class Representative, through Class Counsel, shall file with the Court motions seeking preliminary approval of the Settlement Agreement, joint modification of the class definition, and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 1. The Preliminary Order to be presented to the Court shall, among other things:

**3.2.1**   Grant the motion to certify the Class as a mandatory non-opt-out class pursuant to Fed. R. Civ. P. 23(b)(1);

**3.2.2**   Approve the text of the Settlement Notice for mailing to Class Members identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed notice;

**3.2.3**   Determine that under Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure, the Settlement Notice constitutes appropriate notice under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

3.2.4    Cause the Settlement Administrator to send the Settlement Notice by mail or electronic-mail to each Class Member identified by the Settlement Administrator based upon the information provided by the Plan or its recordkeeper;

3.2.5    Provide that, pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Settling Party or the Plan;

3.2.6    Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representative's Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

3.2.7    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

3.2.8    Provide that any Settling Party may file a response to an objection by a Class Member;

3.2.9    Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

3.2.10    Determine that the information to be provided to the Settlement Administrator in connection with the administration of the settlement constitutes Confidential Information protected from public disclosure by the Confidentiality Order.

3.3    Defendant and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for

readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of the Plan's recordkeeper, that are necessary to perform such work shall constitute an Administrative Expense to be deducted from the Gross Settlement Amount.

**3.3.1**   The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol required by the Settling Parties.

**3.3.2**   The Settlement Administrator shall use the data provided by Defendant and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.3.3**   The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**3.4**   By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1**   Cause to be provided to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit 2 or a form subsequently agreed to by the Settling Parties and approved by the Court. The Settlement Notice shall be sent to the last known email address of each Class Member provided by the Plan's recordkeeper (or its designee) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee). The Settlement Notice may be sent by email to all Class Members for whom Defendant has an email address. The Postcard Settlement Notice shall be sent to all Class members for whom an email address is not available. The Postcard Settlement Notice shall also be sent to all Class Members to whom delivery of the Settlement Notice by email bounced back.   Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

**4.      Article 4 – Final Settlement Approval**

4.1      No later than ten (10) business days before the Fairness Hearing, Class Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 4) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of the Settlement Agreement and entry of the Final Order in accordance with the Settlement Agreement. The Final Order as proposed shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

4.1.1      Approval of the Settlement of the Released Claims covered by the Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2      A determination under Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes appropriate notice under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

4.1.3      Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representative on his own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

4.1.4      That each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (i) conclusively deemed to have, and by operation of the Final Order to have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Settling Parties and the Plan from all Released Claims, and (ii) barred and enjoined from suing the Released Settling Parties or the Plan in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Cost;

4.1.5      That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present

partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Settling Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims;

**4.1.6**   That each Class Member shall release the Released Settling Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7**   That all applicable CAFA requirements have been satisfied;

**4.1.8**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court and the Settling Parties;

**4.1.9**   That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2**   The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Order.

**5.**   **Article 5 – Establishment of Qualified Settlement Fund**

**5.1**   No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the

Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary Settling Parties, and thereafter to cause the appropriate filing to occur.

5.2   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3.

5.3   Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendant or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Settling Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax

attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4     Within twenty (20) calendar days after the Preliminary Order is entered, Serco /or its agents or insurers, will deposit $1,200,000 (one million two-hundred thousand dollars) into the Qualified Settlement Fund. Provided, however, that Serco will only be obligated to deposit these funds if the Escrow Agent shall have furnished to Defendant in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions within three (3) business days after the entry of the Preliminary Order and Serco shall have received a copy of the signed Preliminary Order.

5.5     The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof if feasible, or else in an account fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.6     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in the Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Settlement Agreement.

5.7     Prior to the Settlement Effective Date, the Escrow Agent shall disburse up to $25,000 (twenty-five thousand dollars) to the Settlement Administrator for costs actually incurred in connection with distribution of the Notice.

5.8     After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel no later than eight (8) calendar days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid no later than eight (8) calendar days after the Settlement Effective Date; (c) third, any Class Representative Compensation ordered by the Court shall be paid no later eight (8) calendar days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, no earlier than 14 business days after the expiration period for all appeals from the Court's final approval of the Settlement, the Net Settlement Amount will be distributed in accordance with

the Plan of Allocation; and (f) sixth, any funds from the Net Settlement Amount that remain uncashed or otherwise undistributed, after efforts to locate Class Members have been exhausted by the Settlement Administrator in the manner set forth in Section 3.41, will be distributed *cy pres* to the Fisher House Foundation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.9     The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.  Released Settling Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**6.     Article 6 – Plan of Allocation**

6.1     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount (as defined in § 2.22) to be allocated and distributed in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2     Calculation of Settlement Payments**

6.2.1     Upon determining the Net Settlement Amount in accordance with the preceeding sections, the Settlement Administrator shall divide the Net Settlement Amount into 24 equal Quarterly Settlement Allocations.

6.2.2     Each Quarterly Settlement Allocation will be allocated proportionally based on each Class Member's account balance at the close of each quarter of the Class Period (that Class Member's "Quarterly Balance").

6.2.3     For each quarter of the Class Period, the settlement administrator shall, calculate the total of all Quarterly Balances for that quarter. For each Class Member who had a balance in a given quarter, the Settlement Administrator shall divide that Class Member's Quarterly Balance for such quarter by the total Quarterly Balances for such quarter where (i.e. the numerator is the Class Member's Quarterly Balance for a given quarter and the denominator is the sum of all Class Members' Balances for that quarter). This is each Class Member's Quarterly Proportion.

6.2.4     The Settlement Administrator shall then multiply each Class Member's Quarterly Proportion for a given quarter by the Quarterly Settlement

Allocation for that quarter, resulting in a Class Member's Quarterly Payment.

**6.2.5** The Settlement Administrator shall then add all the Quarterly Payments for each respective Class Member, resulting in the Class Member Total Payment.  Class Members other than Class Representative who no longer have an account in the Plan and who have a Class Member Total Payment of less than $10 (ten dollars) (the "De Minimis Amount") shall receive no allocation from the Net Settlement Amount. The Settlement Administrator shall then, taking into account the Class Members who will receive nothing because they do not satisfy the De Minimis Amount, recalculate the amount to distribute to Class Members to arrive at the amount ot be paid to each remaining Class Member. The amounts paid to each individual Class Member is referred to as the Payment. The sum of the Payments must equal the Net Settlement Amount.

**6.3** **Payments To Participants With Plan Accounts**

**6.3.1** For Class Members with a Plan account  at the time of distribution, their Payment will be allocated into their Plan account. In order for this allocation to occur, after the Effective Date,  the Settlement Administrator shall wire to the Plan recordkeeper funds that total the sum of the Payments to be deposited into accounts of Class Members along with the information and/or data needed to determine the Payment due to each of these Class Members. The Settlement Administator will then allocate each Payment into the account of each Class Member with a  Plan account. The Recordkeeper shall allocate the Payment pursuant to the Class Member 's investment elections on file for new contributions. If the Class Member has no election on file, the Payment shall be invested in any default investment option(s) designated by the Plan. All such allocations shall be treated for administrative and reporting purposes as investment earnings.

**6.4** **Payments to Former Participants**

**6.4.1** Class Members who no longer have a  Plan account ("Former Participants") shall be paid directly by the Settlement Administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45.

**6.4.2** Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.5     The Settlement Administrator shall utilize the calculations required to be performed herein for making the Payments, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Fund, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Fund. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

6.6     If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, Class Counsel shall post notice of such proposed modification on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, Class Counsel shall post notice of such modification on the Settlement Website within five (5) business days of the date that the modification was implemented.

6.7     Within ten (10) business days of completing the distribution of all Payments, the Settlement Administrator shall send to Class Counsel and Defense Counsel  one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable; (b) the date(s) upon which such distribution was made; (c) the name of each Class Member whose distribution was returned as undeliverable; and (d) the efforts made by the Settlement Administrator to find the correct address and to mail the distribution for such Class Member.  These affidavits and the accompanying information shall be considered "Confidential" under the terms of the Confidentiality Order.

6.8     The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendant, Defense Counsel, Class Counsel, and Class Representative will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as

17

required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

**6.9** Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

## 7.    Article 7 – Attorneys' Fees and Costs

**7.1** Class Counsel intends to seek an award of attorneys' fees not to exceed $396,000 (three hundred ninety-six thousand dollars) and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $80,000 (eighty thousand dollars), both of which shall be paid (if at all) only from the Gross Settlement Amount.

**7.2** Class Counsel also intends to seek Class Representative's Compensation, in an amount not to exceed $5,000 (five thousand dollars), which shall be paid from the Gross Settlement Amount.

**7.3** Class Counsel will file a motion for Final Approval of Settlement and for awards of Attorneys' Fees and Costs and Class Representative's Compnesation at least forty-five (45) calendar days before the Fairness Hearing, which may be supplemented thereafter.

## 8.    Article 8 – Release and Covenant Not to Sue

**8.1** As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1) the Class Representative and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Settling Parties from the Released Claims whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs.

**8.2** As of the Settlement Effective Date, the Class Representative, the Class Members, Defendant, and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

**8.3** Class Counsel, the Class Representative, Class Members, or the Plan, may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Settling Parties and the Plan, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, the Class Representative, Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representative, Class Members, and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

**8.4** Class Representative, Class Members, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, each of them shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including but not limited to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**8.5** Also, the Class Representative and Class Members, shall upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United

States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

**8.6**  Class Representative, Class Members, Defendant, and the Plan shall hold the Released Settling Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to any tax liability.

**9.**  **Article 9 – Representations and Warranties**

**9.1**  The Settling Parties represent:

    **9.1.1**  That they are voluntarily entering into the Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing the Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

    **9.1.2**  That they assume the risk of mistake as to facts or law;

    **9.1.3**  That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

    **9.1.4**  That they have read carefully the contents of the Settlement Agreement, and the Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each of the Settling Parties; and

    **9.1.5**  That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2**  Each individual executing the Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute the Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**10.     Article 10 – Additional Terms**

10.1     No Settling Party or their counsel will issue a press release or other statement to the media, including on social media, regarding the Class Action or the Settlement Agreement.

**11.     Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

11.1     The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

11.1.1     Under Paragraph 3.1, (1) either the Independent Fiduciary does not approve the Settlement Agreement, or disapproves the Settlement Agreement for any reason whatsoever or Serco reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of the Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

11.1.2     The Preliminary Order or the Final Order are not entered by the Court substantially in the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

11.1.3     The Court modifies any material term of the final Settlement Agreement, unless such modifications are agreed to in writing by Class Counsel and Defendant. Material terms for the purposes of this section are any terms contained in the November 12, 2020 Memorandum of Understanding between the Settling Parties, as well as all terms found in Article 8 (Release and Covenant Not to Sue) of this Settlement Agreement.

11.1.4     The Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

11.1.5     The Preliminary Order or Final Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such modifications. Material terms for the purposes of this section are any terms contained in the November 12, 2020 Memorandum of Understanding between the Settling Parties, as well as all terms found in Article 8 (Release and Covenant Not to Sue) of this Settlement Agreement.

11.2     If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class

Representatives shall for all purposes with respect to the Settling Parties revert to their status immediately prior to the Parties November 12, 2020 Memorandum of Understanding, as though the Settling Parties never executed the Memorandum of Understanding or the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, except for any amounts already distributed to the Claims Administrator for Notice expenses at the time of the termination, shall be returned to Serco within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs, Class Representative's Compensation, and/or modifies any of the proposed orders insofar as they relate to Attorneys' Fees and Costs and/or the Class Representative's Compensation.

11.4    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and the Defendant, on the other hand.

## 12.    Article 12 – Confidentiality of Settlement Negotiations

12.1    Except as set forth explicitly below, the Settling Parties and Class Counsel agree to keep confidential all statements, positions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement. Accordingly, neither the negotiations, nor any agreement between the Settling Parties (including November 12, 2020 Memorandum of Understanding) may be disclosed, except: (i) insofar as may be necessary to obtain court approval of the Settlement; (ii) to management employees of Defendant and other employees of Defendant as necessary to implement the Settlement, service providers to the Plan as necessary to implement the Settlement, and to Defendant's affiliates provided they agree to maintain confidentiality; (iii) to any insurer of Defendant that will be paying any part of the Gross Settlement Amount; (iv) as may be necessary for Defendant to meet any federal, state or local reporting obligations; (v) to enforce its terms; (vi) to Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, or insurers, or (vii) as otherwise required by law. Provided however, that any such person or entity to whom information is disclosed must promise in writing: (a) that such information shall not be further disclosed, and (b) to comply with this Article 12 in all other respects. The limitations in this paragraph will also apply to the Settlement Agreement, until such time at it is filed with the Court.

12.2    Class Counsel will establish a Settlement Website on which it will post the
following documents or links to the following documents on or following the date
of the Preliminary Order: the operative Complaint; Settlement Agreement and its
Exhibits; Settlement Notice; Class Representative's Motions for Preliminary and
Final Approval of the Settlement, Attorneys' Fees and Costs and Award of
Compensation to Class Representative, with any accompanying briefs and
exhibits; any Court orders related to the Settlement; any amendments or revisions
to these documents; and any other documents or information mutually agreed
upon by the Settling Parties ("Settlement Website Information"). No other
information or documents will be posted on the Settlement Website unless agreed
to in advance by the Settling Parties in writing. Class Counsel will take down the
Settlement Website ninety (90) calendar days after the Settlement Administrator
certifies that distribution of the Qualified Settlement Fund is complete.

12.3    Within thirty (30) calendar days of the filing of the motion for preliminary
approval of the Settlement, Defendant may issue a communication to Plan
participants and beneficiaires explaining the terms of the Settlement and Plan of
Allocation. Defendant shall provide a draft of the communication to Class
Counsel in advance of the dissemination of the communication.

13.     **Article 13 – General Provisions**

13.1    The Settling Parties, agree to cooperate fully with each other in seeking Court
approvals of the Preliminary Order and the Final Order, and to do all things as
may reasonably be required to effectuate preliminary and final approval and the
implementation of the Settlement Agreement according to its terms.  The Settling
Parties agree to provide each other with copies of any filings necessary to
effectuate this Settlement at least three (3) business days in advance of filing.

13.2    Within sixty (60) calendar days of the Settlement Effective Date, the Settling
Parties shall either return to the producing Settling Parties or destroy, all
documents produced in discovery, including but not limited to documents
produced under a claim of privilege or confidentiality. Each Settling Party shall
serve a written notice to each producing party certifying that the Settling Party has
carried out the obligations imposed by this Paragraph 13.2 but as limited by the
Confidentiality Order. The Settling Parties agree that at all times they will honor
the requirements of the Confidentiality Order, notwithstanding Settlement of the
Class Action.  After the Settlement Effective Date, Plaintiff's Counsel agree that
any documents retained as part of their legal files for this case pursuant to the
Confidentiality Order shall not be accessed except to respond to formal inquiries
about the Class Action made by or on behalf of Class Members.

13.3    The Settlement Agreement, whether or not consummated, and any negotiations or
proceedings hereunder are not, and shall not be construed as, deemed to be, or
offered or received as evidence of an admission by or on the part of any Released

Settling Party of any wrongdoing, fault, or liability whatsoever by any Released Settling Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and  Defendant admits no wrongdoing, fault or liability with respect to any of the allegations or claims in the Class Action. The Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.

13.4   Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendant nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.5   Only Class Counsel shall have standing to seek enforcement of the Settlement Agreement on behalf of Plaintiff and Class Members. Any individual concerned about Defendant's compliance with the Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to Class Counsel. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

13.6   The Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, by Virginia law.

13.7   The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendant and shall maintain that jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with the Settlement Agreement that are not resolved under Paragraph 13.7.  Any

motion or action to enforce the Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Eastern District of Virginia, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

13.8    The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing the Settlement Agreement shall be deemed an original signature for purposes of the Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument. The Settlement Agreement may be executed via an electronic signature using the Docusign service.

13.9    Each Settling Party to the Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing the Settlement Agreement and that the Settlement Agreement has been explained to that party by his, her, or its counsel.

13.10   Any headings included in the Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in the Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in the Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

13.11   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, the Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approved such modification or amendment in writing. Following entry of the Preliminary Approval Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

13.12   The Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Settlement other than those contained in the Settlement Agreement and the exhibits thereto.

13.13   The provisions of the Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of the Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Settling Party, whether prior, subsequent, or contemporaneous, of the Settlement Agreement.

13.14   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of the Settlement Agreement.

13.15   The provisions of the Settlement Agreement are not severable.

13.16   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of the Settlement Agreement are contained in the Settlement Agreement. No Settling Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in the Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

13.17   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Preliminary Order; Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing; Exhibit 3 – Postcard Notice Exhibit 4 – Final Order; Exhibit 5- Form of CAFA Notice.

13.18   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any Settling Party to the Settlement Agreement because that Settling Party is deemed to have prepared, structured, drafted, or requested the provision.

13.19   Any notice, demand, or other communication under the Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE CLASS REPRESENTATIVE

David Hilton Wise
John J. Drudi,
WISE LAW FIRM, PLC
10640 Page Avenue, Ste 320
Fairfax, Virginia 22030

dwise@wiselaw.pro
jdrudi@wiselaw.pro

IF TO DEFENDANT:

Ian Morrison (imorrison@seyfarth.com)
Samuel Schwartz-Fenwick (sschwartz-fenwick@seyfarth.com)
Jules A. Levenson (jlevenson@seyfarth.com)
Rebecca K. Bryant (rbryant@seyfarth.com)
Seyfarth Shaw, LLP
233 S. Wacker Drive, Ste. 8000
Chicago, IL 60606-6448
Tel: (312) 460-5000
Fax: (312) 460-7000

ON BEHALF OF PLAINTIFF Individually and as Class Representative:

Dated: _12 February 2021_

_____
Robert Glasscock
Plaintiff and Class Representative

Dated: _____

_____
David Hilton Wise
John J. Drudi
**WISE LAW FIRM, PLC**
10640 Page Avenue, Ste 320
Fairfax, Virginia 22030
T: (703) 934-6377/F: (703) 934-6379
dwise@wiselaw.pro
jdrudi@wiselaw.pro

Dated: _____

_____
Gregory Coleman
Arthur Stock
Ryan P. McMillan
**GREG COLEMAN LAW PC**
800 South Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080/F: (865) 522-0049
greg@gregcolemanlaw.com
arthur@gregcolemanlaw.com
ryan@gregcolemanlaw.com

Dated: _____

_____
Patrick M. Wallace
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
T: (919) 600-5000/F: (919) 600-5035
Scott@whitfieldbryson.com
Pat@whitfieldbryson.com

ON BEHALF OF PLAINTIFF Individually and as Class Representative:


Dated: _____          _____
                                          Robert Glasscock
                                          Plaintiff and Class Representative



Dated: __Feb. 11, 2021_____          _____
                                          David Hilton Wise
                                          John J. Drudi
                                          **WISE LAW FIRM, PLC**
                                          10640 Page Avenue, Ste 320
                                          Fairfax, Virginia 22030
                                          T: (703) 934-6377/F: (703) 934-6379
                                          dwise@wiselaw.pro
                                          jdrudi@wiselaw.pro



Dated: _____          _____


                                          Gregory Coleman
                                          Arthur Stock
                                          Ryan P. McMillan
                                          **GREG COLEMAN LAW PC**
                                          800 South Gay Street, Suite 1100
                                          Knoxville, TN 37929
                                          T: (865) 247-0080/F: (865) 522-0049
                                          greg@gregcolemanlaw.com
                                          arthur@gregcolemanlaw.com
                                          ryan@gregcolemanlaw.com



Dated: _____          _____
                                          Patrick M. Wallace
                                          **WHITFIELD BRYSON LLP**
                                          900 W. Morgan Street
                                          Raleigh, North Carolina 27603
                                          T: (919) 600-5000/F: (919) 600-5035
                                          Scott@whitfieldbryson.com
                                          Pat@whitfieldbryson.com

ON BEHALF OF PLAINTIFF Individually and as Class Representative:

Dated: _____

_____
Robert Glasscock
Plaintiff and Class Representative

Dated: _____

_____
David Hilton Wise
John J. Drudi
**WISE LAW FIRM, PLC**
10640 Page Avenue, Ste 320
Fairfax, Virginia 22030
T: (703) 934-6377/F: (703) 934-6379
dwise@wiselaw.pro
jdrudi@wiselaw.pro

Dated: _2-11-21_

_____
Gregory Coleman
Arthur Stock
Ryan P. McMillan
**GREG COLEMAN LAW PC**
800 South Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080/F: (865) 522-0049
greg@gregcolemanlaw.com
arthur@gregcolemanlaw.com
ryan@gregcolemanlaw.com

Dated: _____

_____
Patrick M. Wallace
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
T: (919) 600-5000/F: (919) 600-5035
Scott@whitfieldbryson.com
Pat@whitfieldbryson.com

ON BEHALF OF PLAINTIFF Individually and as Class Representative:


Dated: _____          _____

                                        Robert Glasscock
                                        Plaintiff and Class Representative



Dated: _____          _____

                                        David Hilton Wise
                                        John J. Drudi
                                        **WISE LAW FIRM, PLC**
                                        10640 Page Avenue, Ste 320
                                        Fairfax, Virginia 22030
                                        T: (703) 934-6377/F: (703) 934-6379
                                        dwise@wiselaw.pro
                                        jdrudi@wiselaw.pro



Dated: _____          _____

                                        Gregory Coleman
                                        Arthur Stock
                                        Ryan P. McMillan
                                        **GREG COLEMAN LAW PC**
                                        800 South Gay Street, Suite 1100
                                        Knoxville, TN 37929
                                        T: (865) 247-0080/F: (865) 522-0049
                                        greg@gregcolemanlaw.com
                                        arthur@gregcolemanlaw.com
                                        ryan@gregcolemanlaw.com


Dated: 2-12-2021                        _____

                                        Patrick M. Wallace
                                        **WHITFIELD BRYSON LLP**
                                        900 W. Morgan Street
                                        Raleigh, North Carolina 27603
                                        T: (919) 600-5000/F: (919) 600-5035
                                        Scott@whitfieldbryson.com
                                        Pat@whitfieldbryson.com

Dated:  2/11/2021

Charles Crueger
Benjamin Kaplan
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Whitefish Bay, WI 53211
T: (414) 210-3868
cjc@cruegerdickinson.com
bak@cruegerdickinson.com


Dated: _____

Jordan Lewis
**JORDAN LEWIS, P.A.**
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
T: (954) 616-8995/F : (954) 206-0374
jordan@jml-lawfirm.com


Dated: _____

Edward A. Wallace
Mark J. Tamblyn
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
T: (312) 346-2222/F: (312) 346-0022
eaw@wexlerwallace.com
mjt@wexlerwallace.com

Attorneys for Plaintiff and Class
Representative

Dated: _____

Charles Crueger
Benjamin Kaplan
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Whitefish Bay, WI 53211
T: (414) 210-3868
cjc@cruegerdickinson.com
bak@cruegerdickinson.com

Dated: 2/12/2022

Jordan Lewis
**JORDAN LEWIS, P.A.**
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
T: (954) 616-8995/F : (954) 206-0374
jordan@jml-lawfirm.com

Dated: _____

Edward A. Wallace
Mark J. Tamblyn
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
T: (312) 346-2222/F: (312) 346-0022
eaw@wexlerwallace.com
mjt@wexlerwallace.com

Attorneys for Plaintiff and Class
Representative

Dated: _____

_____
Charles Crueger
Benjamin Kaplan
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Whitefish Bay, WI 53211
T: (414) 210-3868
cjc@cruegerdickinson.com
bak@cruegerdickinson.com

Dated: _____

_____
Jordan Lewis
**JORDAN LEWIS, P.A.**
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
T: (954) 616-8995/F : (954) 206-0374
jordan@jml-lawfirm.com

Dated: 2/11/21

_____
Edward A. Wallace
Mark J. Tamblyn
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
T: (312) 346-2222/F: (312) 346-0022
eaw@wexlerwallace.com
mjt@wexlerwallace.com

Attorneys for Plaintiff and Class
Representative

ON BEHALF OF DEFENDANT:

Dated: 2/11/2021

_____

Sereo Inc. on behalf of its
susbsidiaries, affiliates and its and
their, officers and directors

Dated: 2/11/2021 _____

_____

Ian Morrison
Samuel Schwartz-Fenwick
Jules A. Levenson
Rebecca K. Bryant
**Seyfarth Shaw, LLP**
233 S. Wacker Drive, Ste. 8000
Chicago, IL 60606-6448
Tel: (312) 460-5000
Fax: (312) 460-7000
imorrison@seyfarth.com
sschwartz-fenwick@seyfarth.com
jlevenson@seyfarth.com
rbryant@seyfarth.com

Attorneys for Defendant

Glasscock v. Serco, Inc. Settlement Agreement

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROBERT GLASSCOCK, individually, and as representative of a Class of Participants and Beneficiaries, on Behalf of the Serco Inc. 401(k) Retirement Plan, <br><br> Plaintiff, <br><br> v. <br><br> SERCO, INC., <br><br> Defendant. | Civil Action No. 1:20-cv-00092-RDA-JFA |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arose out of claims of alleged breaches of fiduciary duty in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendant Serco, Inc. in connection with the 401(k) Plan (the 'Plan").

Presented to the Court for preliminary approval is a settlement of the litigation against Defendant. The terms of the Settlement are set out in a Class Action Settlement Agreement dated _____ (the "Settlement Agreement" or "Settlement"), executed by Class Representative Robert Glasscock, Class Counsel, and counsel for Defendant. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the motion for preliminary approval, and good cause appearing therefore,

1

**It is hereby ORDERED as follows:**

1.      **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.      The Settlement was negotiated at arm's length, only after Class Counsel had received pertinent information and documents from Defendant;

B.      Class Counsel and the Class Representative have adequately represented the proposed class and have submitted declarations in support of the Settlement; and

C.      Considering the relevant Fourth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2.      **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order], 20__ , at_____.m., in Courtroom XXX of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, before the undersigned United States District Court Judge, to determine, among other issues:

A.      Whether the Court should approve the Settlement as fair, reasonable, and adequate;

B.      Whether the Court should enter the Final Approval Order, and

C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation.

3.      **Settlement Administrator:** The Court approves and orders that Angeion Group, L.L.C. shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

2

4.      **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> all persons who have been Participants, Beneficiaries or Alternate Payees of the Plan from January 1, 2014 through the date of this Preliminary Order, except for past and present members of Defendant's 401(k) Committee from January 1, 2014 through the date of this Preliminary Order ("Class Period").

The Court appoints Jordan Lewis, P.A., Crueger Dickinson LLC, Whitfield Bryson LLP, Greg Coleman Law, Wexler Wallace LLP, and Wise Law Firm, PLC.as counsel for the Settlement Class. Further, the Court appoints Robert Glasscock as Class Representative for the Settlement Class.

5.      **Class Notice**: The Settling Parties have presented to the Court proposed forms of notice regarding the Settlement for distribution to Settlement Class Members ("Settlement Notices") and the proposed Former Participant Claim Form to Former Participants.

A.          The Court finds that the Settlement Notice and Postcard Notice fairly and adequately:

> i.      Summarize the claims asserted;
>
> ii.     Describe the terms and effect of the Settlement;
>
> iii.    Notifies the Settlement Class that Class Counsel will seek disbursements from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation;
>
> iv.     Gives notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

        v.        Describes how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative's Compensation.

B.      The Settlement Administrator shall send by email or first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within thirty (30) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by Serco and the Plan's recordkeeper.

C.      On or before the date that notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.

D.      Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and plan for distribution of the Settlement Notices constitutes appropriate notice, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

7.      **Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, are preliminarily enjoined from suing Defendant, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims. Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

8.      **Motion for Final Approval of Settlement and for Approval of Award of Attorneys' Costs, Fees, and Class Representative's Compensation:**  Plaintiff shall file Motions for Final Approval of The Settlement, and for award of Attorneys' Fees, Attorneys' costs, and approval of Administrative Costs, and for Class Representative's Compensation no later than forty-five (45) calendar days before the scheduled Fairness Hearing.

9.      **Objections to Settlement**: Any objections to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed Attorneys' Fees and Costs, Administrative Expenses, or Class Representative's Compensation, shall be considered by the Court at the Fairness Hearing, if they have been timely filed with the Clerk of the Court and sent to Class Counsel and Defendant's Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendant's Counsel and filed with the Clerk of Court at least thirty (30) calendar days prior to the scheduled Fairness Hearing.

10.      **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing.

11.      **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

12.     **Confidentiality:** All information provided to the Settlement Administrator in connection with the administration of the settlement constitutes Confidential Information protected from public disclosure by the Confidentiality Order.

**IT IS ORDERED** on this ____ day of _____, 2021.

_____
HON. JOHN F. ANDERSON
United States Magistrate Judge

Glasscock v. Serco, Inc. Settlement Agreement

Exhibit 2

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

ROBERT GLASSCOCK, individually, and
as representative of a Class of Participants
and Beneficiaries on Behalf of the Serco Inc.
401(k) Retirement Plan;

      Plaintiff,

      v.

SERCO INC.;

      Defendant.

Civil Action No. 1:20-cv-00092-RDA-JFA

---

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**This is a notice of a proposed class action settlement in the above-referenced lawsuit.
Your legal rights may be affected if you are a member of the following class:**

To:  All persons who have been Participants, Beneficiaries and Alternate Payees of the Serco Inc. 401(k) Plan ("Plan") from January 1, 2014 through the date the Settlement Class is certified by the Court, except for past and present members of Defendant's 401(k) Committee from January 1, 2014 through [DATE OF PRELIMINARY ORDER].

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain Plan participants, alleging Serco Inc. ("Defendant") violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendant denies all claims, and nothing in the Settlement is an admission or concession on Defendant's part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $1.2 million ($1,200,000.00) gross Qualified Settlement Fund that will be allocated to eligible Class Members after payment of any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan during the Class Period (referred to herein as "Current Participants") will automatically receive allocations directly to their 401(k) accounts so long as they maintain a positive balance through the time Settlement monies are distributed. As explained further under Question 4 below, Class Members who did not have an Active Account as of [DATE] (referred to herein as "Former

Participants") will receive payments (by check) if the Settlement Administrator determines that they are due $10 (ten dollars) or more. You may be subject to state and/or federal taxes on your settlement payments, including income taxes and payroll taxes, as well as other regular deductions. You are responsible for all taxes that may be due on your settlement payments and you should consult with your own accountants or other tax professionals to determine what, if any, taxes may be owed.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.GlasscockLitigation.com. Certain other documents related to the case also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may also be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.

- Your rights and the choices available to you — and the applicable deadlines to act — are explained in this Settlement Notice. Please note that neither Serco nor any employees or representatives of Serco may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME] before the Honorable Rossie D. Alston at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, in Courtroom _____, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation. The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at www.GlasscockLitigation.com. If you intend to speak at the Fairness Hearing, you must mail a notice of intent to appear to Class Counsel, Defendants' Counsel, and the Clerk of Court, at least **30** days before the Fairness Hearing.

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative's Compensation, along with any supporting documents, must be mailed to Class Counsel and Defendant's Counsel, as identified under Question 11 of this Settlement Notice. Objections must also be sent to the Clerk of Court at the following address: 401 Courthouse Square, Alexandria, VA 22314. Any objection must be received at least **30 days** before the Fairness Hearing.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| | |
| **YOU CAN OBJECT (NO LATER THAN [30 Days Before the Fairness Hearing])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative's Compensation, you must mail an objection and any supporting documents to Class Counsel and Defendant's Counsel (as identified under Question 11 below), as well as the Clerk of Court. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. You may attend the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. If you intend to speak at the Fairness Hearing, you must mail a notice of intent to appear to Class Counsel, Defendants' Counsel, and the Clerk of Court, at least **30 days** before the Fairness Hearing. |

**The Class Action**

The case is called *Glasscock v. Serco Inc.*, Case No. 1:20-cv-00092-RDA-JFA (E.D. Va.) (the "Class Action" or "lawsuit"). It has been pending since January 28, 2020. The Court supervising the case is the United States District Court for the Eastern District of Virginia. The Plaintiff (the individual who brought this lawsuit) is called the Class Representative, and the entity he sued is called Defendant. The Class Representative, Robert Glasscock, is a former Plan participant. The Defendant is Serco Inc. The Class Representative's claims are described below, and additional information about those claims is available at www.GlasscockLitigation.com.

**Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation Sought in the Class Action**

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendant and third parties, and negotiating the Settlement. They also have advanced all costs necessary to pursue the case, and have not been paid for any of their time while this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed 33% of the Qualified Settlement Fund ($396,000.00 (three hundred ninety-six thousand dollars)). In addition, Class Counsel will also seek to recover their costs and the administrative expenses associated with the settlement, up to $80,000 (eighty thousand dollars). Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed $5,000 (five thousand dollars), for the Class Representative who took on the risk of litigation and committed to spend the time necessary to bring the case to conclusion. Any Class Representative Compensation awarded by the Court also will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation will be filed with the Court on or before [DATE]. This application will be made available at www.GlasscockLitigation.com.  You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov.

## 1.   Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

## 2.   What Is The Class Action About?

In the Class Action, the Class Representative claims that Serco Inc., breached its fiduciary duties to the Plan and Plan participants, by failing to adequately monitor and control the expenses paid by the Plan.  The Class Representative further claims that Plan participants suffered losses as a result of these alleged breaches of fiduciary duty.

Defendant denies all claims and asserts that it has always acted prudently and in the best interests of participants and beneficiaries.

## 3.   Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representative's claims. Instead, the Class Representative and Defendant have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendant, and their counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representative and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendant's part of any fault or liability whatsoever. The Settlement has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## 4.   What Does The Settlement Provide?

Under the Settlement, Serco will pay a total of $1,200,000 (one million two-hundred thousand dollars) into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further under Question 5 below). Allocations to Current Participants who are entitled to a distribution under the Plan of

Allocation will be made into their existing accounts in the Plans. Former Participants who are entitled to a distribution of $10 (ten dollars) or more will receive their payment as a check. If the Settlement Administrator determines that a Former Participant (other than the Class Representative) is not entitled to a distribution of at least $10 (ten dollars), that Former Participant shall receive no payment. Any funds that are not distributed because of this minimum threshold will be reallocated to other Class Members under the Plan of Allocation.

All Class Members, and their Beneficiaries/Alternate Payees, will fully release the Released Parties from Released Claims. The Released Parties include (1) Defendant; (2) Defendant's affiliates, members, shareholders, directors, officers, employees, attorneys, partners, insurers, predecessors, successors, and any person or agent acting on their behalf; (3) the Plan and any and all administrators, fiduciaries, parties in interest, service providers, and trustees of the Plan. Generally, the release means that Class Members will not have the right to sue the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit or the Plan. The entire release language is set forth in the Settlement Agreement, which is available at www.GlasscockLitigation.com.

## 5.   How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court approved Plan of Allocation. There are approximately 30,000 Class Members.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant," (2) a "Former Participant," or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

The Net Settlement Amount will be divided pro rata among Class Members based on each eligible Class Member's quarterly Balance invested in the Plan during the Class Period. For purposes of making this determination, the Balance shall be calculated based on the quarter-ending account balance for each Authorized Former Participant and Current Participant for each quarter during the Class Period.

If you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation that are awarded by the Court, as these will be paid out of the Gross Settlement Amount of $1,200,000 (one million two-hundred thousand dollars). Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than thirty-three percent (33%) of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation

costs and administrative expenses associated with the Settlement, up to $80,000 (eighty thousand dollars). In addition, Class Counsel will seek compensation for the Class Representative of no more than $5,000 (five thousand dollars). The Court will determine the amount of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 6.  How Can I Receive My Distribution?

**Payments will be distributed automatically, to your 401(k) account if you are a Current Participant, and by check if you are a Former Participant entitled to $10 (ten dollars) or more. You do not need to take any action.**

## 7.  When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount depends on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## 8.  Can I Get Out Of The Settlement?

No. The Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

## 9.  Do I Have a Lawyer in the Case?

The Court has appointed the following law firms as Class Counsel in the Class Action:

Gregory Coleman
Arthur Stock
Ryan P. McMillan
GREG COLEMAN LAW PC
800 South Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080/F: (865) 522-0049
greg@gregcolemanlaw.com

arthur@gregcolemanlaw.com
ryan@gregcolemanlaw.com

Charles Crueger
Benjamin Kaplan
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Whitefish Bay, WI 53211
T: (414) 210-3868
cjc@cruegerdickinson.com
bak@cruegerdickinson.com

Jordan Lewis
JORDAN LEWIS, P.A.
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
T: (954) 616-8995/F : (954) 206-0374
jordan@jml-lawfirm.com

Edward A. Wallace
Mark J. Tamblyn
WEXLER WALLACE LLP
55 West Monroe, Suite 3300
Chicago, Illinois 60603
T: (312) 346-2222/F: (312) 346-0022
eaw@wexlerwallace.com
mjt@wexlerwallace.com

David Hilton Wise
John J. Drudi
WISE LAW FIRM, PLC
10640 Page Avenue, Ste 320
Fairfax, Virginia 22030
T: (703) 934-6377/F: (703) 934-6379
dwise@wiselaw.pro
jdrudi@wiselaw.pro

Patrick M. Wallace
WHITFIELD BRYSON LLP
900 W. Morgan Street
Raleigh, North Carolina 27603
T: (919) 600-5000/F: (919) 600-5035
Scott@whitfieldbryson.com
Pat@whitfieldbryson.com

 If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation at least 30 days prior to the objection deadline. This motion will be made available at www.GlasscockLitigation.com  and be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and Administrative Expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representative of no more than $5,000 (five thousand dollars). The Court will determine the amount of fees, costs, administrative expenses, and Class Representative's compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation, will be available via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can object to the Settlement by mailing a written objection and any supporting documents to Class Counsel and to Defendant's Counsel at the addresses below. Class Counsel will respond to your objection in their motion for final approval of the Settlement. You must also mail a copy of all objection documents to the Clerk of Court, at the following address: 401 Courthouse Square, Alexandria, VA 22314.

Your written objection must be mailed no later than [DATE] to be considered.

| CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|
| David Hilton Wise<br>John J. Drudi<br>WISE LAW FIRM, PLC<br>10640 Page Avenue, Ste 320<br>Fairfax, Virginia 22030<br>T: (703) 934-6377/F: (703) 934-6379<br>dwise@wiselaw.pro<br>jdrudi@wiselaw.pro | Ian Morrison<br>Samuel Schwartz-Fenwick<br>Jules A. Levenson<br>Rebecca K. Bryant<br>Seyfarth Shaw, LLP<br>233 S. Wacker Drive, Ste. 8000<br>Chicago, IL 60606-6448<br>Tel: (312) 460-5000<br>Fax: (312) 460-7000<br>imorrison@seyfarth.com<br>sschwartz-fenwick@seyfarth.com<br>jlevenson@seyfarth.com<br>rbryant@seyfarth.com |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at [TIME] on [DATE] at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, in Courtroom XXX. At the Fairness

Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative's Compensation. If there are objections, the Court will consider them then. The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at www.GlasscockLitigation.com.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time, the Court will consider it.

## 14. May I Speak At The Fairness Hearing?

Yes. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above for objecting. You must also comply with the requirements for making an objection (set forth above) if you wish to object.

## 15. What Happens If I Do Nothing At All?

If you do nothing at all, and all conditions of the Settlement are met, you will receive your share of the Settlement as deposit into your account if you are a Current Participant, or as a check if you are a Former Participant entitled to $10 (ten dollars) or more. You will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, whether or not you not receive any money.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit www.GlasscockLitigation.com , call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.

Glasscock v. Serco, Inc. Settlement Agreement

Exhibit 3

**If You were a Participant in the Serco Inc. 401(k) Retirement Plan since 2014, You Could Be Eligible for a Payment from a Class Action Settlement.**

A federal court authorized this notice. This is not a solicitation from a lawyer.

For more information on the proposed settlement and your rights, visit www.GlasscockLitigation.com, or contact the Settlement Administrator or Class Counsel.

**Do not contact the Court or the Defendant for information about the settlement.**

**Serco Inc. 401(k) Settlement**
c/o Class Action Administrator
1650 Arch Street Suite 2210
Philadelphia, PA 19103

«ScanString»

Postal Service: Please do not mark barcode

Claim#: «ID_____»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

A proposed settlement has been reached in a class action lawsuit about management of the Serco Inc. 401(k) Retirement Plan. **Glasscock v. Serco, Inc.**., E.D. Va. No. 1:20-cv-00092-RDA-JFA. This notice summarizes your legal rights. You should visit www.GlasscockLitigation.com to obtain more complete information about the proposed settlement and your rights. You also can write to the Settlement Administrator at Serco Inc. 401(k) Retirement Plan Settlement, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, e-mail Info@GlasscockLitigation.com, or call 1-XXX-XXX-XXXX.

**What is the class action about?** Plaintiff claims that Defendant failed to prudently manage the Serco Inc. 401(k) Retirement Plan and monitor excessive fees to the Plan. Plaintiff alleges that, as a result of these failures, Defendant harmed the Plan and its participants. Defendant denies Plaintiff's claims and contends that the Plan has been managed, operated and administered at all relevant times in compliance with ERISA and applicable regulations.

A Settlement of $1,200,000 (one million two-hundred thousand dollars) has been reached.  This Settlement Fund shall be used to pay the attorney' fees up to $396,000), attorneys' costs, costs of Settlement Administration, and compensation to the class representative, if approved by the Court. The remainder shall be distributed among all Class Members in proportion to the amounts in the 401K accounts of current 401(k) Plan participants, and distributed by check to former Plan Participants entitled to $10 (ten dollars) or more.  You need not take any action to receive your share of the Settlement.

**What are my rights?** The settlement class includes all persons who were participants, beneficiaries, or alternate payees of the Serco Inc. 401(k) Retirement Plan between January 28, 2014 and  [DATE OF PRELIMINARY ORDER]. You can visit www.GlasscockLitigation.com to see more information. Defendant's records show that you may be a member of the settlement class.

**How to make objections**. You can comment on or object to the proposed settlement or Class Counsel's fees by mailing a written objection to the Court, Plaintiff's Counsel, and the Claims Administrator at the addresses provided in the Settlement Notice available at www.GlasscockLitigation.com]. Objections must be mailed to the Court and postmarked **no later than Month, Day 2021**, and entries of appearance postmarked by **Month, Day, 2021**.

**The Fairness Hearing:** The fairness hearing will be held at the Court on **Month, Day, 2021, at XX:00 a.m. EST**. You or your attorney (if you choose to hire one) may appear at the hearing by mailing a notice and entry of appearance to the Court.

Glasscock v. Serco, Inc. Settlement Agreement

Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROBERT GLASSCOCK, individually, and as representative of a Class of Participants and Beneficiaries, on Behalf of the Serco Inc. 401(k) Retirement Plan, | |
| Plaintiff, | Civil Action No. 1:20-cv-00092-RDA-JFA |
| v. | |
| SERCO, INC., | |
| Defendant. | |

**[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT**

Wherefore, this ___ day of ____, 2021 upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement dated _____ (herein the "Settlement Agreement" or "Settlement") in the above matter, the Court hereby orders:

1.  For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

2.  The Court has subject matter jurisdiction over the action and retains jurisdiction for purposes of enforcing and interpreting the Settlement Agreement.

3.  The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement:

> all persons who have been Participants, Beneficiaries or Alternate Payees of the Plan from January 1, 2014 through the date of the Preliminary Order, except for past and present members of Defendant's 401(k) Committee from January 1, 2014 through the date of the Preliminary Order ("Class Period").

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4.      Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

5.      The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator (Angeion Group), Settlement Notices were timely distributed by email or first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-sent notices to those Class Members. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.      The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted appropriate notice under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8.      The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The Settlement was negotiated at arm's length only after Class Counsel had

received pertinent information and documents from Defendant;

B.      The Settling Parties were well positioned to evaluate the value of the Class Action;

C.      If the Settlement had not been achieved, both Plaintiff and Defendant faced the expense, risk, and uncertainty of extended litigation;

D.      The amount of the Settlement ($1,200,000 (one million two-hundred thousand dollars)) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

E.      The Class Representative has actively and independently participated in the Class Action;

F.      The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

G.      Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

H.      There were____ objections to the settlement.____ of those objections were timely. The Court has considered all of them and has overruled them with prejudice.

I.      The Settlement was reviewed by an independent fiduciary, Fiduciary Counselors, Inc., which has approved the Settlement.

9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

10. The Action and all Released Claims asserted therein, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or derivatively on behalf of the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11. The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of this Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendant, the Plan, and the Released Settling Parties from all Released Claims, and (2) barred and enjoined from suing Defendant, the Plan, or the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement.

12. The Plan shall be (1) conclusively deemed to have, and by operation of this Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendant and the Released Settling Parties from all Released Claims, and (2) barred and enjoined from suing Defendant or the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13. The Class Representative and each Class Member shall be deemed to have released Defendant, Defendant's Counsel, Class Counsel, the Released Settling Parties, and the Plan from

any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The Court finds that all applicable Class Action Fairness Act requirements have been satisfied.

15.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

16.     Upon the Settlement Effective Date under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

17.     Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**18.**     Unclaimed funds remaining after the completion of Settlement Administration, if any, shall be distributed *cy pres* to the Fisher House Foundation.

**IT IS ORDERED** on this ___ day of _____, 2021.

_____
HON. JOHN F. ANDERSON
United States Magistrate Judge

Glasscock v. Serco, Inc. Settlement Agreement

Exhibit 5



**Seyfarth Shaw LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
**T** (312) 460-5000
**F** (312) 460-7000

imorrison@seyfarth.com
T (312) 460-5830

www.seyfarth.com

February __, 2021

**<u>VIA FEDEX</u>**

[Address]

> **Re:**     ***Notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 et seq.,
> Glasscock v. Serco, Inc.,** Case No. 1:20-cv-00092, U.S. District Court for the
> Eastern District of Virginia*

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), I am writing, on behalf of Defendant in the above-referenced matter, to provide your office with notice of the parties' proposed settlement. Please take notice of the following information.

With Defendant's consent, Plaintiff in the above-captioned matter filed a motion with the United States District Court for the Eastern District of Virginia on February __, 2021, requesting preliminary approval of the parties' proposed settlement. As part of this notice, please find copies of the following documents associated with this matter on the enclosed CD:

1. The Complaint, and all amended complaints filed in the matter, including the operative Amended Complaint;

2. The motion for preliminary approval of the settlement and all of its supporting documents, which include the proposed notice to be distributed to class members and the proposed settlement agreement. Class members do not have rights to request exclusion from the class;

3. At this time, it is not feasible to provide a list of the class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement. However, enclosed is a chart showing the approximate percentage of the estimated class members who reside in each state, based on data regarding current and former participants in the Serco Inc. 401(k) Plan. Because of the calculations that must be performed to determine class members' allocations, it is not feasible at this time to provide further detail regarding the claims of class members in each state;

4. A copy of the Court's docket sheet; and

5. A copy of the Court's order granting preliminary approval.



February __, 2021
Page 2

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement. At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters detailed in this notice, except for the opinion enclosed granting preliminary approval. The Court has scheduled the fairness hearing for _____, 2021 at [**TIME**] in Courtroom ___, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314.

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

SEYFARTH SHAW LLP

Ian H. Morrison

Enclosure