IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ROBERT GLASSCOCK, individually, and as representative of a Class of Participants and Beneficiaries on Behalf of the Serco Inc. 401(k) Retirement Plan;

    Plaintiff,

v.

SERCO INC.,

    Defendant.

Civil Action No. 1:20-cv-00092-JFA

FILED
JUL - 9 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**ORDER OF FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Wherefore, this 9th day of July, 2021 upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement dated February 12, 2021 (herein the "Settlement Agreement" or "Settlement") in the above matter, the Court hereby orders:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Court has subject matter jurisdiction over the action and retains jurisdiction for purposes of enforcing and interpreting the Settlement Agreement.

3. The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement:

> all persons who have been Participants, Beneficiaries or Alternate Payees of the Plan from January 1, 2014 through the date of the Preliminary Order, except for

1

past and present members of Defendant's 401(k) Committee from January 1, 2014 through February 22, 2021, the date of the Preliminary Order ("Class Period").

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4. Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

5. The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator (Angeion Group), Settlement Notices were timely distributed by email or first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-sent notices to those Class Members. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted appropriate notice under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

      A.      The Settlement was negotiated at arm's length only after Class Counsel had received pertinent information and documents from Defendant;

      B.      The Settling Parties were well positioned to evaluate the value of the Class Action;

      C.      If the Settlement had not been achieved, both Plaintiff and Defendant faced the expense, risk, and uncertainty of extended litigation;

      D.      The amount of the Settlement ($1,200,000 (one million two-hundred thousand dollars)) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

      E.      The Class Representative has actively and independently participated in the Class Action;

      F.      The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

      G.      Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

      H.      There have been no objections to the settlement.

      I.      The Settlement was reviewed by an independent fiduciary, Fiduciary Counselors, Inc., which has approved the Settlement.

9. The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

10. The Action and all Released Claims asserted therein, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or derivatively on behalf of the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11. The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of this Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendant, the Plan, and the Released Settling Parties from all Released Claims, and (2) barred and enjoined from suing Defendant, the Plan, or the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement.

12. The Plan shall be (1) conclusively deemed to have, and by operation of this Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendant and the Released Settling Parties from all Released Claims, and (2) barred and enjoined from suing Defendant or the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan

may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13. The Class Representative and each Class Member shall be deemed to have released Defendant, Defendant's Counsel, Class Counsel, the Released Settling Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The Court finds that all applicable Class Action Fairness Act requirements have been satisfied.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

16. Upon the Settlement Effective Date under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

17. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

18. Unclaimed funds remaining after the completion of Settlement Administration, if any, shall be distributed *cy pres* to the Fisher House Foundation.

IT IS ORDERED on this 9TH day of July, 2021.

/s/
HON. JOHN F. ANDERSON
United States Magistrate Judge

6